PEOPLE ex rel. NEW YORK HOTEL CO. v. BARKER. 287

First Department, May Term, 1893.

The People of the State of New York ex rel. The New York Hotel and Restaurant Company (Limited) and Others, Appellants, v. Edward P. Barker and Others, as Commissioners of Taxes and Assessments of the City and County of New York, Respondents.

*New York City Consolidation Act, section 822 — correction of personal taxes — not applicable to domestic corporations.*

The provision of section 822 of the New York City Consolidation Act, as amended by chapter 276 of the Laws of 1883, which empowers the commissioners of taxes and assessments to correct a tax on personal property when the applicant or party aggrieved shall satisfy the commissioners that he " has been prevented by absence from the city or by illness" from making his complaint or application to them within the time allowed for the correction of taxes, is not applicable to a domestic corporation.

Appeal by the relators, tne New York Hotel and Restaurant Company (Limited) and others, from an order of the Supreme Court, made at the New York Special Term at Chambers, on the 28th day of March, 1893, denying the relators' motion for a peremptory writ of mandamus commanding the respondents to hear and consider upon the merits the application of the relators, for the correction and reduction of the assessed valuation of their personal property.

*Charles E. Coddington* and *Alfred B. Cruikshank*, for the appellants.

*James M. Ward*, for the respondents.

Barrett, J.:

The personal property of the relator company was assessed for the purpose of taxation for the year 1892. It failed to apply for the correction of the tax within the time allowed by law. It subsequently applied to the respondents for remission under section 822 of the Consolidation Act, as amended by chapter 276 of the Laws of 1883 (§ 5). The power there given to the tax commissioners is limited by the provision that " No tax on personal property shall be remitted, canceled or reduced unless the applicant or party aggrieved shall satisfy the commissioners that he has been prevented by absence

from the city or by illness from making his complaint or application to them within the time allowed by law for the correction of taxes."

The commissioners refused to consider the application upon the ground that a domestic corporation is not within this provision.

We think the commissioners were right. A domestic corporation cannot, like an individual, be prevented by absence or illness from making its complaint within the time allowed by law. As a creature of the law, it is present where it is incorporated and exercises its corporate functions, and it certainly cannot be ill. Its officers or agents may be ill, or absent, but they are not the corporation. Nor is the illness or absence of an agent contemplated by the act. A corporation is not within the mishap for which relief is afforded to an individual. Being present in a legal sense in the locality of its incorporation, there was no reason for extending the provisions of the act to such a legal entity.

If the relator is right, how could the commissioners deal with the preliminary question? What is the corporation for the purposes of the act? Not, surely, the stockholders, who can perform no executive functions for the company. And if the directors and officers are to be deemed the corporation, must the relator show the absence or illness of every such agent? It is plain that, had the Legislature intended to include domestic corporations, it would have specified the particular officer or agent whose absence or illness would have sufficed to give the commissioners jurisdiction.

The order should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with costs.